UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

TERRY JOE REEDY, JR.,

       Plaintiff,

v.

CUMMINGS BROTHERS TRUCK
REPAIR, INC., MATTHEW R.
CUMMINGS, ROBERT CUMMINGS,

       Defendants.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, TERRY JOE REEDY, JR., brings this action against Defendants, CUMMINGS BROTHERS TRUCK REPAIR, INC., MATTHEW R. CUMMINGS, and ROBERT CUMMINGS, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff TERRY JOE REEDY, JR. was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Defendant, CUMMINGS BROTHERS TRUCK REPAIR, INC., was a Florida corporation with its principal place of business in Broward County, Florida, engaged in commerce in the field of truck repair and leasing, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

4. Defendant, MATTHEW R. CUMMINGS, is a resident of Palm Beach County, Florida and was, and now is, a manager of Defendant, CUMMINGS BROTHERS TRUCK REPAIR, INC., controlled Plaintiff's duties, hours worked, and compensation, and managed the day-to-day operations of CUMMINGS BROTHERS TRUCK REPAIR, INC.. Accordingly, MATTHEW R. CUMMINGS was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

5. Defendant, ROBERT CUMMINGS, is a resident of Broward County, Florida and was, and now is, a manager of Defendant, CUMMINGS BROTHERS TRUCK REPAIR, INC., controlled Plaintiff's duties, hours worked, and compensation, and managed the day-to-day operations of CUMMINGS BROTHERS TRUCK REPAIR, INC.. Accordingly, ROBERT CUMMINGS was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

6. Two or more of Defendants' employees handled tools, supplies, and equipment manfuactured outside Florida in furthernace of their business including but not limited to phones, computers, computer monitors, computer keyboards, computer mice, pens, vehicles, paper.

7. Plaintiff TERRY JOE REEDY, JR. worked for Defendants as a technician.

8. Defendants failed to pay Plaintiff's full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for hours worked over 40 each week.

9. Attached as <u>Exhibit A</u> is a preliminary calculation of Plaintiff's claims. These amounts may change as Plaintiff engages in the discovery process.

10. Defendants have knowingly and willfully refused to pay Plaintiff's legally-entitled wages.

11. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

12. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

13. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-12 above as if set forth herein in full.

14. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

15. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

## COUNT II
## VIOLATION OF ANTI-RETALIATION PROVISION OF FLSA
## ALL DEFENDANTS

16. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-12 above as if set forth herein in full.

17. On or about August 23, 2019, Plaintiff complained and objected to Defendants regarding their failure to pay Plaintiff's full and proper overtime wages.

18. On or about August 23, 2019, after Plaintiff complained about not getting paid his overtime, Defendants terminated Plaintiff's employment.

19. In response to Plaintiff's objections and protestations, Defendants retaliated against Plaintiff and fired Plaintiff under pretextual grounds in violation of 29 U.S.C. section 215(a)(3).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, including but not limited to back and front pay, lost benefits and other remuneration and an

additional equal amount as liquidated damages (see 29 U.S.C. § 216(b)), appropriate equitable relief (e.g., employment, reinstatement, promotion), award of cost, fees and such other remedy as the court deems just and appropriate.

        Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email:  ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791